THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| KERRY MAGERS | ) | |
|---|---|---|
| | ) | |
| vs. | ) | CAUSE NOs. 3:09-CV-186 RM |
| | ) | (Arising from 3:05-CR-00146(01)RM) |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

OPINION AND ORDER

On March 16, 2009, Kerry Magers filed a motion with the court seeking relief from judgment, contending that he was denied effective assistance of counsel at trial. Although Mr. Magers captioned his motion as arising under Federal Rule of Civil Procedure 60, the court notified Mr. Magers of its intent to construe his motion for post-judgment relief under 28 U.S.C. § 2255 and gave Mr. Magers until April 20, 2009 to either withdraw the motion or submit materials in support of his § 2255 petition. Mr. Magers didn't respond to the court's order, and for the reasons stated below, the court denies Mr. Magers' motion.

Mr. Magers contends that he was denied the effective assistance of counsel at trial because his attorney didn't file a motion to suppress. The court reviews Mr. Magers' ineffective assistance claim under the two-part test established in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). Mr. Magers must show: (1) that his attorney's performance fell below an objective standard of reasonableness, and (2) that but for counsel's unprofessional errors, the result of the proceeding would have been different. <u>Id.</u> at 687. To show deficient performance, Mr. Magers must point to specific acts or omissions by his attorney that constitute ineffective

assistance, and the court must determine whether these acts or omissions were made outside the wide range of professionally competent assistance. Berkey v. United States, 318 F.3d 768, 772 (7th Cir. 2003); *see also* Rompilla v. Beard, 545 U.S. 374, 380 (2005) (explaining that deficient performance is "measured against an objective standard of reasonableness, under prevailing professional norms."). Next, Mr. Magers must show that "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different,' meaning 'a probability sufficient to undermine confidence in the outcome.'" Eckstein v. Kingston, 460 F.3d 844, 849 (7th Cir. 2006) (*quoting* Strickland v. Washington, 466 U.S. at 694). "[T]he unprofessional errors of counsel must be so egregious 'that the trial was rendered unfair and the verdict rendered suspect.'" Rodriguez v. United States, 286 F.3d 972, 983 (7th Cir. 2002) (citation omitted).

Conclusory allegations of ineffective assistance are insufficient to satisfy a defendant's burden of showing cause. *See* United States v. Lawson, 947 F.2d 849, 853 (7th Cir. 1991) (*citing* United States v. Williams, 910 F.2d 1574, 1580-1581 (7th Cir. 1990)); *see also* Wyatt v. United States, 2008 WL 345538, at *3 (S.D. Ill. Feb. 7, 2008) ("A § 2255 petition cannot stand on vague and conclusory assertions of a constitutional violation; rather, the petition must set forth facts with sufficient detail to point the district court to the real possibility of a constitutional error.") (*citing* Oliver v. Untied States, 961 F.2d 1339, 1343 n.5 (7th Cir. 1992)). Mr. Magers' motion for relief from judgment simply states that "[d]efense counsel failed

2

to file a motion to suppress and of this due process violation was their ineffective assistance." He doesn't suggest any factual basis upon which counsel could have relied in mounting such a challenge, nor does he suggest that there is a reasonable probability that the result of his trial would have been different if his counsel had made such a challenge. Accordingly, Mr. Magers has not set forth adequate evidence to establish either deficient performance or prejudice and so hasn't presented any argument meriting a hearing or relief under § 2255. *See* Kafo v. United States, 467 F.3d 1063, 1067 (7th Cir. 2006) (dismissing petitioner's ineffective assistance claim as well as his request for an evidentiary hearing because the petitioner's allegations of whether he told his counsel to appeal were vague and unsubstantiated).

The court also notes that Mr. Magers' motion alleges that correctional staff didn't file certain state forms through the Indiana Department of Corrections. The court has no authority to consider this claim, which Mr. Magers may pursue through the facility itself.

For the reasons stated above, the court DENIES Mr. Magers' motion for relief from judgment. [Doc. No. 68).

SO ORDERED.

ENTERED: May 6, 2009

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

3

cc: K. Magers